**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:25CV-P140-CRS**

**DARRIAN DESHAWN QUARLES**                                                            **PLAINTIFF**

**v.**

**NATHAN BEARD**                                                                             **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Darrian Deshawn Quarles filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. This matter is now before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff sues Nathan Beard, who he identifies as a district attorney in Logan County. He sues Defendant in his official capacity only. Plaintiff states the following:

> On April 15th I was found guilty in a jury trial containing nothing but a white jury in a interracial case. I was sentenced to 10 years at 85% due to a prior domestic from 2021. The district attorney hammered me for my prior bad act which led the jury to believe I was guilty of strangulation 1st that alledgedly took place November 24th 2023. There was no physical evidence that a strangulation took place only the assumption based on the victims statement. I truly believe I was overcharged due to the prejudice of the commonwealth & the faulty system of Logan County Courts. I was sentenced & the commonwealth applied the new House Bill 5 provision that raised my parole eligibility to 85% even though my case took place at a time were it was considered a non violent offense. I believe the courts decision to apply HB5 to my offense that predates the act is illegal and goes to show how unfairly I've been treated by this court system.

Plaintiff also states, "So much was overlooked in my case concerning a conflict of interest." He asserts that the victim's aunt who was called to testify "has a commonwealth job with certain connections and friendships that could of altered the outcome of my case." He also maintains that the district attorney's assistant's mother had to be removed from the jury pool. He

states, "I really feel like I've been mistreated & misjudged simply because the color of my skin & my situation."

As relief, Plaintiff seeks compensatory damages and injunctive relief in the form of to "overturn or reduce my sentence."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to

be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Plaintiff sues Defendant in his official capacity only. Defendant, in his role as a prosecutor on behalf of the Commonwealth of Kentucky, is a state employee or official. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claim against Defendant for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant immune from such relief.

With regard to Plaintiff's request for injunctive relief in the form of overturning or reducing his sentence, when a state prisoner "seeks . . . a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, overturning or reducing Plaintiff's conviction is not an available form of relief under § 1983. Accordingly, Plaintiff's claim for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

Finally, while Plaintiff did not sue Defendant in his individual capacity, the Court may allow Plaintiff to amend his complaint to bring an individual-capacity claim if such a claim

would not be futile. *See Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile."). Prosecutors acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, enjoy absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Plaintiff's claim against Defendant in his individual capacity would be barred by prosecutorial immunity. Therefore, the individual-capacity claim would be futile, and the Court need not allow Plaintiff to amend his complaint.

## IV. CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action.

Date:


cc:     Plaintiff, *pro se*
        Defendant
4411.010